# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHAEL LEE STROPE** ) | |
| **also known as Gordon Strope,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **No. 06-3021-KHV** |
| **WILLIAM CUMMINGS, et al.** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## ORDER

Michael Lee Strope, a former inmate at the Lansing Correctional Facility in Lansing, Kansas, brings suit under 42 U.S.C. § 1983. Shortly after plaintiff filed this action, the Court granted him leave to proceed *in forma pauperis*. See Order (Doc. #6) filed August 30, 2006. To date, plaintiff has not paid any amount of the $250 filing fee.[1] On October 31, 2006, the Court ordered plaintiff to show good cause in writing why the Court should not vacate the order which granted him leave to proceed *in forma pauperis* in this case and require him to submit the full amount of the filing fee. See Order To Show Cause (Doc. #23).

In response, plaintiff first argues that a dismissal without prejudice for failure to exhaust administrative remedies does not constitute a strike under 28 U.S.C. § 1915(g). The Tenth Circuit, however, has held that a dismissal based on lack of exhaustion should ordinarily be without prejudice and "may constitute a strike for purposes of 28 U.S.C. § 1915(g)." Steele v. Fed. Bureau of Prisons, 355 F.3d

---

[1] Effective April 9, 2006, after plaintiff filed this action, the district court filing fee increased from $250 to $350. See 28 U.S.C. § 1914(a).

1204, 1213 (10th Cir. 2003), cert. denied, 543 U.S. 925 (2004). By using the language "may," Steele seems to hold that a district court has discretion to consider a prior dismissal for lack of exhaustion as a strike, but it does not set forth any factors to guide the district court's discretion on that issue.[2] In this case, plaintiff does not set forth specific factors which would counsel against counting as strikes under 28 U.S.C. § 1915(g) the dismissals in the five cases set forth in the Court's order to show cause. Based on the Court's review of the dismissals in Strope v. Sebelius, No. 05-3247-SAC (D. Kan.), Strope v. Hendry, No. 05-3104-SAC (D. Kan.), Strope v. McKune, No. 04-3204-JTM (D. Kan.), Strope v. Pettis, No. 03-3383-JAR (D. Kan.), and Strope v. Roper, No. 01-3009-JWL (D. Kan.), the Court finds that the dismissals count as strikes for purposes of 28 U.S.C. § 1915(g).[3]

---

[2]  Without discussion, courts generally have designated as strikes dismissals of complaints for failure to exhaust administrative remedies. See, e.g., Smith v. Cowman, No. 06-3272, 2006 WL 3616720, at *2 (10th Cir. Dec. 13, 2006); Rouston v. Carver, 190 Fed. Appx. 617, 618 (10th Cir. July 31, 2006) (plaintiff accumulated strike under Section 1915(g) because district court dismissed complaint for failure to exhaust administrative remedies on all claims); Jones v. Smith, 109 Fed. Appx. 304, 309 (10th Cir. Sept. 13, 2004) (affirming district court's designation of dismissal for failure to exhaust administrative remedies as strike); Jones v. Cimarron Corr. Fac., No. CIV-04-1361-F, 2005 WL 2077363, at *1 (W.D. Okla. Aug. 25, 2005). Because a dismissal without prejudice for failure to exhaust administrative remedies is a dismissal for failure to state a claim, see Steele, 355 F.3d at 1212, a district court does not appear to have discretion on the issue, see Day v. Maynard, 200 F.3d 665, 667 (10th Cir. 1999) (dismissal without prejudice counts as strike so long as dismissal is because action is frivolous, malicious, or fails to state claim).

In a recent unpublished slip opinion, the Tenth Circuit noted that "dismissal of a § 1983 complaint for failure to exhaust is not considered a strike, since it is not a dismissal pursuant to § 1915(e)(2)(B)." Malek v. Reding, No. 05-4134, 2006 WL 2106811, at *2 (10th Cir. July 31, 2006). Because the unpublished order in Malek is directly contrary to prior Tenth Circuit precedent in Steele and Day, the Court must follow the precedent in those prior cases.

[3]  Plaintiff argues generally that "prison officials were at fault for the un-exhaustion," see Plaintiff's Response (Doc. #25) at 1, but he has not explained the specific circumstances regarding any of the five cases. None of the orders in the five cases suggest that prison officials were at fault for plaintiff's failure to exhaust administrative remedies.

Plaintiff next argues that if the Court intends to revoke his *in forma pauperis* status, it should direct the Secretary of the Kansas Department of Corrections to dispense the $250 filing fee from his mandatory savings account. As the Court understands the pertinent prison regulations, plaintiff may use funds from his mandatory savings account for filing fees if he has exhausted the balance in his cash account. See Order (Doc. #37) filed January 4, 2006 in Scott v. McKune, No. 04-3360-KHV (citing IMPP 04-103 which states in part that "use of the funds in the [mandatory savings] account is restricted to payment of garnishment and, only if the inmate's cash balance is exhausted, civil filing fees, transcript fees and subpoena costs"). To access his mandatory savings account, the Court apparently must order plaintiff to pay the filing fee. See Scott v. McKune, No. 04-3360-KHV, 2005 WL 3046274, at *1 (D. Kan. Nov. 14, 2005). The Court therefore orders that plaintiff pay the $250 filing fee in this case no later than **January 17, 2007**.

**IT IS THEREFORE ORDERED** that on or before **January 17, 2007**, plaintiff shall pay the $250 filing fee in this case. The Clerk is directed to forward a copy of this order to the Administrator of Inmate Accounts at the Hutchinson Correctional Facility in Hutchinson, Kansas.

Dated this 22nd day of December, 2006 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Court