IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHAEL LEE STROPE** ) | |
| **also known as Gordon Strope,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 06-3021-KHV |
| **WILLIAM CUMMINGS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**ORDER**

On January 17, 2006, Michael Lee Strope, a former inmate at the Lansing Correctional Facility in Lansing, Kansas, filed suit under 42 U.S.C. § 1983. Defendants have filed a motion to dismiss, which has been fully briefed and is ready for ruling. See Defendants' Motion To Dismiss Pursuant To Rule 12(b)(6) (Doc. #47). This matter is before the Court on plaintiff's Request For Emergency Assistance And Intervention And Transfer To Federal System Or Federal Custody Due to Prisoner Abuse (Doc. #57) filed September 27, 2007.

In his present motion, plaintiff asks the Court to transfer him to federal custody and to assist him to curb alleged abuse by prison officials at Hutchinson Correctional Facility in Hutchinson, Kansas. Plaintiff's allegations of retaliation and abuse at his present facility are not directly related to the alleged incidents at Lansing Correctional Facility which are included in the complaint. As to plaintiff's request to be transferred to federal custody, plaintiff has not shown that he is subject to a federal sentence which would authorize such a transfer. A federal court ordinarily cannot order a prisoner, who is not subject to a federal sentence, to be transferred from state to federal custody. See United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980) (judicial attempt to transfer prisoner from state to federal custody violates fundamental principles of comity and separation of

powers); see also Meachum v. Fano, 427 U.S. 215, 225 (1976) (prisoner has no constitutional right to be housed in particular prison or receive particular classification).[1] As to plaintiff's request for relief from alleged abuse, he must file a new civil rights complaint or seek leave to amend his complaint. Because defendants in this case are not employed at the Hutchinson Correctional Facility, a motion to amend would not be well taken at this stage.

**IT IS THEREFORE ORDERED** that plaintiff's Request For Emergency Assistance And Intervention And Transfer To Federal System Or Federal Custody Due to Prisoner Abuse (Doc. #57) filed September 27, 2007 be and hereby is **OVERRULED**.

Dated this 15th day of October, 2007 at Kansas City, Kansas.

>s/ Kathryn H. Vratil
>KATHRYN H. VRATIL
>United States District Court

---

[1] Such transfers usually occur only under agreements which are negotiated by the United States Attorney General. See, e.g., 18 U.S.C. § 5003 (Attorney General authorized to contract with a state for transfer of state prisoner to federal prison); 18 U.S.C. § 4002 (Attorney General authorized to contract with a state for placement of federal prisoner in state custody up to three years).