# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL LEE STROPE,<br>also known as Gordon Strope,<br><br>     **Plaintiff,**<br><br>**v.**<br><br>WILLIAM CUMMINGS, et al.,<br><br>     **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **CIVIL ACTION**<br><br>  **No. 06-3021-KHV** |

## MEMORANDUM AND ORDER

   Plaintiff Michael Lee Strope, a former inmate at the Lansing Correctional Facility ("LCF") in Lansing, Kansas, brings suit *pro se* against William Cummings, Karen Thorne, David McKune, Coi Obeidat, Randy Jewell, and Melvin Theisen. This matter is before the Court on plaintiff's Motion For Transport Of Person And Legal Files/Hygiene Items (Doc. #122) filed November 19, 2008 and Motion In Limine (Doc. # 123) filed November 19, 2008. For the reasons stated below, plaintiff's motions are sustained.

## I.  Motion In Limine

   Plaintiff seeks an order which prohibits defendants from introducing evidence of his criminal history and conviction in case number 96-cr-1483. Defendants stipulate that they will not introduce evidence of plaintiff's criminal convictions unless plaintiff "opens the door" and solicits testimony about his convictions or their validity. See Defendants' Response To Plaintiff's Motion In Limine (Doc. #125) filed December 2, 2008. Plaintiff did not respond to defendants' proposed stipulation. Accordingly, plaintiff's motion is sustained and evidence of his criminal history and conviction in case no. 96-cr-1483 shall not be admitted unless plaintiff solicits testimony about those convictions

or their validity, at which time the parties shall approach the Court for further guidance.

## II.     Motion To Transport

Plaintiff seeks an order which requires the Kansas Department of Corrections, the Warden and the Transport Officers to ensure that if he is transported from one prison facility to another for trial, he has continued access to personal hygiene items, eyeglasses, legal files, denture and essential denture accessories and essential religious items such as his bible, prayer book and rosary. Plaintiff seeks this prospective relief because he was previously denied access to these items when he transferred facilities for a court appearance in another case. While defendants oppose this motion, they do not argue plaintiff is not entitled to the items in question. Rather, defendants contend that a court order is not necessary because "as a matter of course" these types of items are transferred with inmates who are transferred between facilities for court appearances. Defendants cite no prison policy, testimony or legal authority to support their contention, but given that such items are routinely transferred "as a matter of course," the Court finds that plaintiff's motion should be sustained.

**IT IS THEREFORE ORDERED** that plaintiff's <u>Motion In Limine</u> (Doc. #125) filed November 19, 2008, asking that evidence of his criminal history and conviction in case no. 96-cr-1483 be excluded, be and is hereby **SUSTAINED** subject to the stipulation described above; and that plaintiff's <u>Motion For Transport Of Person And Legal Files/Hygiene Items</u> (Doc. #122) filed November 19, 2008 be and hereby is **SUSTAINED**.

Dated this 12th day of February, 2009.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge